IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL A HUNT, | ) | No. 2:08-cv-00181-SPK |
| Plaintiff, | ) | |
| v. | ) | |
| R. RIOS, D. FIELDS, | ) | |
| Defendants. | ) | |

ORDER (1) GRANTING MOTION TO AMEND, (2) DENYING MOTION TO DISMISS WITHOUT PREJUDICE, and (3) DENYING MOTION FOR PRELIMINARY INJUNCTION

Presently pending before the Court are a Motion to Dismiss, filed by Defendants Rios and Fields [10]. After the Motion to Dismiss was filed, Plaintiff filed a Motion to Amend the Complaint [11] and an Amended Complaint [12]. Plaintiff also filed a Motion for Preliminary Injunction [16].

I.

Upon review of the (proposed) Amended Complaint, and considering the liberal standard upon which to review amendments at this stage of litigation, the Court GRANTS Plaintiff's Motion to Amend [11]. The Amended Complaint is deemed filed and is the operative complaint in this action. See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) ("amended complaint

1

supersedes the original, the latter being treated thereafter as non-existent."). The Amended Complaint proceeds only against Defendants Rios and Fields and must stand on its own.

The pending Motion to Dismiss was filed against the original complaint, which is no longer at issue. Although the Amended Complaint is similar, some of the allegations may have been changed and the allegations may have an effect on whether a claim is stated. Therefore, the Court will DENY the pending Motion to Dismiss [11] WITHOUT prejudice to an appropriate motion being filed as to the allegations of the Amended Complaint. See, e.g., Nat'l City Mortgage Co. v. Navarro, 220 F.R.D. 102, 106 (D. D.C.2004) (denying motions to dismiss without prejudice, in light of amendment of complaint, where pending motions pertained to original complaint, which had been superseded by amended complaint).

## II.

The pending Motion for Preliminary Injunction [16] is DENIED without prejudice. One of the prongs of the test for a preliminary injunction is a strong likelihood of success on the merits and irreparable injury. See, e.g., Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir.2004) ("To obtain a preliminary injunction, [plaintiff] must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [plaintiff's] favor."). Upon initial review of the Amended Complaint, and assuming its factual allegations are true, there are certainly legitimate penological interests in addressing gang activity by classifying inmates as belonging to particular gangs that would bear strongly on whether to grant an injunction as sought so as to "expunge" a classification. See Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003); Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (an essential element to a First Amendment retaliation claim by

a prisoner is not satisfied where there is a legitimate correctional goal for the action taken).  It is far from clear, even assuming the factual allegations as true, that there would be a likelihood of success and irreparable harm, so as to grant an injunction at this stage of the proceedings.  Even if Defendants mistakenly classified plaintiff, it would not mean the standard for granting a preliminary injunction would be met.  The question in the complaint here is primarily one of *retaliation* for filing grievances, not necessarily whether Plaintiff was correctly or incorrectly classified as a gang member.  In any event, the standard for granting a preliminary injunction has not been met.

## CONCLUSION

1. Plaintiff's Motion to Amend [11] is GRANTED.

2. Defendants' Motion to Dismiss [10] is DENIED without prejudice; and

3. Plaintiff's Motion for Preliminary Injunction [16] is DENIED without prejudice.

IT IS SO ORDERED.

DATED:  March 19, 2009.



_____
Samuel P. King
Senior United States District Judge

3