IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

        Plaintiff,                     No. CIV S-08-0181 MCE KJM P

    vs.

R. RIOS, et al.,

        Defendants.            ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He has filed a motion to amend his complaint and a motion to consolidate this case with another case before the court, CIV S-09-3525 FCD GGH P. Defendants have not responded to either motion; therefore the court considers them unopposed.

        Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." The Ninth Circuit has construed this provision broadly, adding that leave to amend should be granted with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment"). However, the Supreme Court has stated that a court may decline to grant leave

/////

1

where there is "any apparent or declared reason" for doing so. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Ninth Circuit has interpreted Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). These factors do not carry equal weight. "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." Id. at 980. "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of an amendment can, standing alone, justify denial of the amendment. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).

The court finds that the motion to amend the complaint should be granted. First, defendants have not opposed the motion, so there has been no showing of prejudice should the proposed amended complaint be accepted, nor is any prejudice apparent to the court on its own review of the new pleading. Plaintiff states in his motion that the purpose of the amended complaint is to make factual corrections to the operative complaint and to simplify his legal allegations. Indeed, upon review, the court finds no new allegations that change the gravamen of plaintiff's complaint against defendants. Moreover, because it brings no substantively different allegations or causes of action to this case, the court's screening analysis of the operative complaint under 28 U.S.C. § 1915A applies with equal force to the proposed, amended complaint. The second amended complaint, filed May 21, 2010, shall therefore be accepted.

Plaintiff's request to consolidate this case with his other action, CIV S-09-3525 FCD GGH P, is not well taken. Both cases contain similar allegations of retaliation against the same defendants, but the events in question in this case are distinct from the events in question in

plaintiff's other case.  The court has already drawn that distinction in denying plaintiff's earlier attempt to amend his complaint to add the allegations made in CIV S-09-3525 FCD GGH P. See Order (Docket No. 28) at 4-5.  Plaintiff presents nothing to cause the court to revisit that ruling now.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to amend the complaint (Docket No. 35) is granted.  The second amended complaint is deemed filed as of May 21, 2010.

2. The motion to consolidate (Docket No. 34) is denied.

DATED: December 3, 2010.

_____
U.S. MAGISTRATE JUDGE

4
hunt0181.amend