IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT

    Plaintiff,

  vs.                      CIV S-08-0181 MCE CMK (TEMP) P

M. REYES, et al.

    Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding with counsel in an action under 42 U.S.C. § 1983. On December 6, 2010, the court issued an order granting plaintiff's motion to amend his complaint and stating that his second amended complaint was deemed filed as of May 21, 2010. <u>See</u> Order (Docket No. 38). Defendants Rios and Fields did not respond to the second amended complaint, so the court ordered the Clerk Of Court to enter default against them. <u>See</u> Docket Nos. 40 and 41. Plaintiff then moved for a default judgment. Defendants Rios and Fields have moved to set aside the entry of default.

        Fed.R.Civ.P. 55(c) authorizes a court to set aside entry of default for "good cause." "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." <u>O'Connor v. State of Nev.</u>, 27 F.3d 357, 364 (9th Cir. 1994).

/////

1

A court determines the existence of good cause for removing a default by considering the following factors: (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or (3) whether setting aside the entry of default will prejudice the plaintiff. U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). "[A] finding that any one of these factors is true is sufficient reason for the district court to set aside the entry of default." Id. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and intentionally failed to answer." Signed Personal Check, 615 F.3d at 1092. In contrast to requiring a separate showing of bad faith by an ordinary defendant who fails to answer, "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." Id. at 1093 (citing Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 690 (9th Cir. 1988)(upholding the district court's refusal to vacate a default judgment because defendant's president, "as a lawyer, was presumably well aware of the dangers of ignoring service of process")).

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Signed Personal Check, 615 F.3d at 1094 (internal citations omitted).

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to

pursue his claim will be hindered.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (citation omitted).

Defendants argue that the default should be set aside because their failure to answer was due solely to their counsel's inadvertence. They state that their counsel "misunderstood the Courts [sic] order on [sic] December 6, 2010." Motion at 5 (Docket No. 43). They state that their counsel mistakenly believed that the order of December 6 only gave plaintiff leave to file an amended complaint and that "[s]ince December 6, 2010, Defense counsel ha[d] mistakenly been waiting for Plaintiff to file another amended complaint." Id. This "misunderstanding" occurred in the face of the court's very plain meaning in granting the motion to amend the complaint – a motion to which, it bears noting, defendants did not respond. The court's December 6 order clearly states, "[t]he second amended complaint, filed May 21, 2010, shall... be accepted." Order at 2 (Docket No. 38). The docket entry for that order states that "the second amended cmplt is DEEMED filed as of 5/21/10." The court accepts defendants' representation that their failure to answer the complaint was due to counsel's inadvertence. The court notes, though, that counsel's inadvertence was unreasonable.

The court need not inquire into whether defendants' counsel's unreasonable reading of the court's order and docket meets the definition of "culpable conduct" that would justify leaving the default in place. As stated above, the court must also ask whether plaintiff has suffered any prejudice in the delay caused by defendants' failure to answer and whether there are any meritorious defenses. "[A] finding that any one of these factors is true is sufficient reason for the district court to set aside the entry of default." Signed Personal Check, 615 F.3d at 1092. Indeed, there is no prejudice to plaintiff in setting aside the default. Moreover, defendants filed an answer to the second amended complaint on the same day they moved to set aside the entry of default. The answer presents, on its face, meritorious defenses. Therefore defendants' motion to set aside the entry of default will be granted. Plaintiff's motion for entry of default is moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to set aside the entry of default (Docket No. 43) is granted.
2. The motion for default judgment (Docket No. 42) is moot.

DATED: July 27, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

hm
hunt0181.ord