IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

   Plaintiff,       No. CIV S-08-0181 MCE CKD P

  vs.

D. RIOS, et al.,

   Defendants.     <u>ORDER</u>

            /

   Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff and defendants have filed motions for summary judgment. (Dkt. Nos. 60, 65.) Pending before the court is defendants' February 13, 2012 motion to seal documents in support of their motion for summary judgment. (Dkt. No. 67.)

   Defendants request that the court review in camera, and file under seal for seventy-five years, "all documents from the confidential section of Hunt's central file submitted in support of Defendants' motion for summary judgment." (<u>Id</u>. at 1.) Defendants describe the documents as follows:

> All of the confidential documents provided information, deemed reliable by prison officials, that Hunt was associating with known members of the Bloods disruptive group, and affiliated with that group. And those documents contain information from prison inmates, whose safety would be placed in serious jeopardy if their

1

1  identity were known by Hunt or any other inmates.

2  (Id. at 2.) Defendants assert that these documents are relevant to plaintiff's claim that defendants

3  authored false chronos about plaintiff's involvement with the Bloods gang in retaliation for filing

4  grievances and lawsuits. (Id.)

5  In their motion, defendants state: "These documents are referenced as Defendants'

6  Exhibit A, B, and C and are authenticated in Defendant's motion for summary judgment." (Id.)

7  However, these documents are not attached as exhibits to defendants' motion for summary

8  judgment or to the instant motion. Rather, the documents are described in general terms in

9  defendants' Statement of Undisputed Facts as, e.g., "confidential chronos about Hunt's

10  involvement with the Bloods disruptive group." (Dkt. No. 65-2, DUF 11.)

11  Local Rule 141 governs the sealing of documents. Rule 141(b) requires a party

12  requesting the sealing of documents to submit to the court "all documents covered by the

13  request," either by email or on paper. "The documents for which sealing is requested shall be

14  paginated consecutively so that they may be identified without reference to their content, and the

15  total number of submitted pages shall be stated in the request." (Id.) As it does not appear that

16  defendants complied with this rule by submitting the documents at issue, the court will deny their

17  motion to seal without prejudice to refiling within ten days pursuant to the procedures set forth in

18  Local Rule 141.

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1  Accordingly, IT IS HEREBY ORDERED THAT defendants' February 13, 2012
2 motion to seal documents in support of motion for summary judgment (Dkt. No. 67) is denied
3 without prejudice to refiling no later than ten days after service of this order.

Dated: May 25, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hunt0181.seal