IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

            Plaintiff,                  No. 2:08-cv-0181 MCE CKD P

    vs.

D. RIOS, et al.,

            Defendants.           ORDER

_____/

I.  Introduction

          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983.  In the operative Second Amended Complaint, plaintiff alleges that defendants Rios and Fields retaliated against him for exercising his First Amendment right to file grievances and pursue civil rights litigation.  Plaintiff alleges that this retaliation consisted of filing false reports in plaintiff's central file of plaintiff's interactions with members of the Blood disruptive group.  (See Dkt. No. 36 (SAC), ¶¶ 35-37.)  Plaintiff and defendants have filed motions for summary judgment.  (Dkt. Nos. 60, 65.)  Pending before the court is defendants' June 1, 2012 motion to review documents in camera and file them under seal.  (Dkt. No. 76.)  Plaintiff has not filed an opposition.

\\\\\

1    II.  Motion to Seal Documents

2                Most courts recognize a presumption of public access to court records based on

3    common law and First Amendment grounds.  The public therefore normally has the right to

4    inspect and copy documents filed with the court.  See Nixon v. Warner Comm., Inc., 435 U.S.

5    589, 597–98 (1978); Globe Newspaper v. Superior Court for Norfolk County, 457 U.S. 596, 603

6    (1982); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir.

7    2002).  However, public access may be denied where the court determines that court-filed

8    documents may be used for improper purposes.  Nixon, 435 U.S. at 598; Hagestad v. Tragesser,

9    49 F.3d 1430, 1433–1434 (9th Cir. 1995).  Courts should consider "the interests advanced by the

10   parties in light of the public interest and the duty of the courts."  Id. at 1434 (quoting Nixon,435

11   U.S. at 602).  The Supreme Court has acknowledged that the decision to seal documents is "one

12   best left to the sound discretion of the trial court, a discretion to be exercised in light of the

13   relevant facts and circumstances of the particular case."  Id. at 599.  After taking all relevant

14   factors into consideration, the district court must base its decision on a compelling reason and

15   articulate the factual basis for its ruling, without relying on hypothesis or conjecture.  Hagestad,

16   49 F.3d at 1434.  Local Rule 141allows the court to seal documents only upon written order. L.R.

17   141(a).  Generally, the contents of such documents are of a nature that require the court to

18   maintain the confidentiality of the document.  For example, the contents may reveal information

19   that may jeopardize the safety of particular individuals.

20               Defendants move the court to review in camera and file under seal "for seventy-

21   five years" documents marked as Exhibits A-C to defendants' motion for summary judgment,

22   consisting of 22 consecutively-numbered pages.  In conjunction with the instant motion,

23   defendants have submitted hard copies of these documents for the court's in camera review.  (See

24   Dkt. No. 76.)

25               Defendants describe these documents as "confidential documents [that] provided

26   information, deemed reliable by prison officials, that Hunt was associating with known members

1    of the Blood disruptive group, and affiliated with that group." (Dkt. No. 76 at 2.)  Defendants

2    assert that these "confidential documents contain information from prison inmates whose safety

3    would be placed in serious jeopardy if their identity was known by Hunt or any other inmates."

4    (Id.)  Defendants seek in camera review of these documents, along with a 75-year sealing order,

5    "in order to prevent their disclosure during the lifetime of the involved prisoners."  (Id.)

6         The court does not seal case documents or exhibits from public view without good

7    cause.  Here, defendants represent that the prison inmates who provided the documented

8    information would be in danger if Hunt or any other inmate knew their identity.  Having

9    reviewed the documents, the court finds this to be a plausible concern as to Exhibits A and C.

10   Exhibit A is a 2007 general chrono titled "Gang Update" that names and describes several

11   inmates "identified as Sacramento Bloods," a disruptive group.  Exhibit C consists of

12   confidential interviews with inmates dating from 2000, 2005, and 2007, respectively.

13        Exhibit B is a 2007 chrono marked "confidential" and concerns a "large meeting

14   held by known gang members."  However, it does not name or describe any particular inmate and

15   does not cite any information from confidential sources.  Rather, it documents Hunt's claim that

16   he "is a non-affiliated inmate."

17        In light of defendants' attestation and given that in camera review is a permissible

18   method of determining the reliability of the information used to classify plaintiff as gang-

19   affiliated, the court will grant defendants' motion to seal the 20 pages comprising Exhibits A and

20   C.  See Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987) ("Reliability [of information

21   from an unidentified prison informant] may be established by . . . (4) an in camera review of the

22   documentation from which credibility was assessed.").  It is the practice of this court to maintain

23   case documents under seal for an undetermined time period, until they are ordered unsealed by

24   the court.  Accordingly, the court shall partially grant defendants' motion and direct the Clerk of

25   Court to seal Exhibits A and C until they are ordered unsealed by the court.  See Puente-Hudson

26   v. Adams, 2010 WL 1625758 at *2 (E.D. Cal. April 21, 2010) (same).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for the court to receive confidential documents under seal and for in camera review (Dkt. No. 76) is granted as to Exhibits A and C, and denied as to Exhibit B.

2. The Clerk of Court is directed to seal the case documents submitted by defendants as Exhibits A and C to defendants' motion for summary judgment, until they are ordered unsealed by the court.

3. Defendants are to file and serve Exhibit B to defendant's motion for summary judgment on plaintiff within seven days of this order.

4. Plaintiff is granted an additional fourteen days to file and serve a supplemental opposition to defendants' motion for summary judgment (Dkt. No. 65). The supplemental opposition shall address Exhibit B and consist of no more than five pages.

Dated: July 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hunt0181.seal2

4