1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL A. HUNT,

11          Plaintiff,                    No. 2:08-cv-0181 MCE CKD P

12      vs.

13   D. RIOS, et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, No. 09-15548

17   (9th Cir. July 6, 2012), the court hereby reminds plaintiff of the following requirements for

18   opposing the motion for summary judgment filed by defendants on February 13, 2012.  (Dkt. No.

19   65.)[1]  The motion arises under Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is

20   a request for an order for judgment in favor of the defendant without trial.  A defendant's motion

21   for summary judgment will set forth the facts that the defendant contends are not reasonably

22   subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary

23   judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

24   the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in

25   _____

26          [1] Plaintiff was also advised of these requirements on June 23, 2008.  (Dkt. No. 9.)

1   the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated

2   and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve

3   and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove

4   plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge

5   of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records

6   are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or

7   more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If

8   plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible

9   evidence, the court may accept defendant's evidence as true and grant the motion.  If there is

10  some good reason why such facts are not available to plaintiff when required to oppose a motion

11  for summary judgment, the court will consider a request to postpone consideration of the

12  defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written

13  opposition to the motion, or a request to postpone consideration of the motion, the court may

14  consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).

15  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment

16  will be entered for the defendant without a trial and the case will be closed as to that defendant.

17          Unsigned affidavits or declarations will be stricken, and affidavits or declarations

18  not signed under penalty of perjury have no evidentiary value.

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

1    Plaintiff now having received the notice required under <u>Woods v. Carey</u>, No. 09-

2  15548 (9th Cir. July 6, 2012), IT IS HEREBY ORDERED that plaintiff's supplementary

3  opposition to defendants' motion for summary judgment is now due by August 8, 2012.  In

4  addition to addressing Exhibit B (<u>see</u> Dkt. No. 77), plaintiff may file additional evidentiary

5  materials if he wishes regarding the motion for summary judgment, but it is not required.  No

6  extensions will be given.

7    Dated: July 11, 2012

8                                                  _____

9                                                  CAROLYN K. DELANEY
                                                   UNITED STATES MAGISTRATE JUDGE

10

11

12

13    1
      hunt0181.not

14

15

16

17

18

19

20

21

22

23

24

25

26