IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HUNT, | No. 2:08-cv-0181 MCE CKD P |
|     Plaintiff, | |
|   vs. | <u>ORDER SETTING</u><br><u>SETTLEMENT CONFERENCE</u> |
| D. RIOS, et al., | |
|     Defendants. | |
| _____/ | |

    Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 28, 2012, the district court denied defendants' motion for summary judgment as to defendant Rios. (Dkt. No. 86.) On October 3, 2012, the court issued an order requiring the parties to submit confidential statements concerning case selection for the prisoner settlement program. (Dkt. No. 87.) After reviewing the statements submitted by the parties, the court has determined this case would benefit from a settlement conference. This case will be set for a settlement conference on November 30, 2012 at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #26, before the undersigned. Plaintiff is to appear by video conference from his place of detention.

\\\\\

1

Parties will be required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than November 14, 2012.  If parties file notice of non-waiver of disqualification, a randomly selected Magistrate Judge will be assigned to conduct the settlement conference on a date and time to be determined by the court.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on November 30, 2012, at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #26.  Plaintiff is to appear by video conference from his place of detention.

2. Parties are required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than November 14, 2012.  If parties file a notice of non-waiver of disqualification, a randomly selected Magistrate Judge will conduct the settlement conference on a date and time to be determined by the court.

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, _F.3d_, 2012 WL 3984406 at *1, *4 (9th Cir. Sept. 12, 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6  F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

4.  Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

5.  Plaintiff SHALL immediately submit to Defendant by mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate.  No later than 14 days before the settlement conference, Defendant SHALL contact Plaintiff either by telephone or in person, to discuss settlement and respond to Plaintiff's demand with an acceptance of the offer or with a meaningful counteroffer.  Should the parties settle the matter, defense counsel shall immediately notify chambers of Judge Delaney and file a notice of settlement.

If settlement is not achieved informally, each party SHALL provide a confidential settlement conference statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, so they arrive no later than **November 21, 2012** and file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "CONFIDENTIAL" with the date and time of the settlement conference indicated prominently thereon.  The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

  a.  A brief statement of the facts of the case.
  b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.
  c.  A summary of the proceedings to date.

3

d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

e. The relief sought.

f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

g. A brief statement of each party's expectations and goals for the settlement conference.

Dated: October 31, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hunt0181.med

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. HUNT, | No. 2:08-cv-0181 MCE CKD P |
| Plaintiff, | |
| vs. | WAIVER OF DISQUALIFICATION |
| D. RIOS, et al., | |
| Defendants. / | |

Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Delaney participate in the settlement conference scheduled for November 30, 2012. To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

By: _____
    Plaintiff

Dated:_____


By: _____
    Attorney for defendant

Dated:_____