IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

        Plaintiff,                  No. 2:08-cv-0181 MCE CKD P

   vs.

M. REYES, et al.,

        Defendants.         ORDER

_____/

       Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. This action is set for trial in January 2014 concerning plaintiff's claim that defendant Rios retaliated against him by placing a chrono in his central file containing false information about gang-related activity. Before the court is plaintiff's motion for a temporary restraining order granting him single-cell status for the pendency of this litigation.[1]

---

[1] Local Rule 302 of the Eastern District of California authorizes magistrate judges to handle all aspects of a prisoner's case short of jury trial. This rule reflects the contours of magistrate judge authority established by Congress. Pursuant to Section 636, Title 28, United States Code, magistrate judges may determine any pretrial matter unless it is "dispositive" to the action, see United States v. Raddatz, 447 U.S. 667, 673 (1980), or seeks injunctive relief of the same character as that which may be finally granted by the action, see De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219-200. See 28 U.S.C. § 636(b) (1)(A). As plaintiff seeks injunctive relief unrelated to the alleged harm of retaliation by defendant Rios, his

1

1         The purpose in issuing a temporary restraining order is to preserve the status quo
2    pending a fuller hearing. The cases contain limited discussion of the standards for issuing a
3    temporary restraining order due to the fact that very few such orders can be appealed prior to the
4    hearing on a preliminary injunction. It is apparent however, that requests for temporary
5    restraining orders which are not ex parte and without notice are governed by the same general
6    standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v.
7    Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
8    Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
9    Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).
10        The legal principles applicable to a request for injunctive relief are well
11   established. To prevail, the moving party must show either a likelihood of success on the merits
12   and the possibility of irreparable injury, or that serious questions are raised and the balance of
13   hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122
14   F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
15   1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal
16   point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under
17   any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
18   irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the
19   court need not reach the issue of likelihood of success on the merits. Id.
20        Here, plaintiff asserts that possessing a copy of the chrono authored by Rios puts
21   him at risk of harm, as "[t]he chrono contains information that could endanger the life of Plaintiff
22   should his cell-mates or the prison population" learn its contents. (ECF No. 104 at 5.) He seeks
23   to be single-celled for the rest of this litigation to protect him from this risk.[2] However, plaintiff

---

motion is properly before the undersigned for disposition by order.

[2] It appears that plaintiff is referring to the chrono earlier identified as defendants' Exhibit B, authored by Rios on January 27, 2007 and documenting plaintiff's participation in a meeting

1   has not demonstrated any more than a mere suspicion that an attack will occur.  See Berg v.
2   Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Although prison officials have an obligation to
3   protect inmates from attack by other inmates, see Klingele v. Eikenberry, 849 F.2d 409, 412 (9th
4   Cir.1988), plaintiff failed to demonstrate that the threat of physical or other injury to him
5   resulting from being double-celled is more than speculative.  See Goldie's Bookstore, Inc. v.
6   Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not
7   constitute irreparable injury.").  A presently existing actual threat must be shown, although the
8   injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
9   100, 130–31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997).

10          More fundamentally, the harm for which plaintiff seeks injunctive relief – the
11  threat of attack from other inmates – is outside the scope of the First Amendment claim at issue
12  in this action.  In addition, as a general rule this court is unable to issue an order against
13  individuals who are not parties to a suit pending before it.  Zenith, supra, 395 U.S. 100.  Nothing
14  before the court indicates that Rios, the only remaining defendant, is responsible for deciding
15  whether plaintiff is single- or double-celled.  Plaintiff cannot, by this motion, enjoin persons who
16  are not defendants in the underlying action, based on claims that are not set forth in the operative
17  complaint.
18  ////
19  ////
20  ////
21  ////
22  ////
23  _____

24  held by known gang members.  (See ECF No. 83 at 8-9.)  The court earlier denied defendants'
    motion for a protective order as to this chrono, noting that it "does not name or describe any
25  particular inmate and does not cite any information from confidential sources."  (ECF No. 77 at
    3.)
26

1      Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion for temporary
restraining order (ECF No. 104) is denied.

Dated: June 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hunt0181.tro