|  |  |
|---|---|
| MICHAEL HUNT, | No. 2:08-cv-00181-MCE-CKD |
| Plaintiff In Pro, | |
| v. | **ORDER CONTINUING TRIAL** |
| D. RIOS, | |
| Defendant. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

YOU ARE HEREBY NOTIFIED the July 29, 2014 jury trial is vacated and continued to **January 5, 2015**, at **9:00 a.m.** in Courtroom 7.

The Joint Final Pretrial Statement is due not later than **December 3, 2014** and shall comply with the procedures outlined in the Court's April 29, 2014 Supplemental Pretrial Scheduling Order.

Any evidentiary or procedural motions are to be filed by **December 3, 2014**. Oppositions must be filed by **December 10, 2014** and any reply must be filed by **December 17, 2014.** The motions will be heard by the Court at the same time as the Final Pretrial Conference. Because the parties are required to refile their Motions in Limine in accordance with the deadlines set forth in this order, the parties' pending motions in limine, ECF Nos. 120-132, 137, are DENIED without prejudice to refiling.

///

1

The July 1, 2014 Amended Order and Writ of Habeas Corpus Ad Testificandum, ECF No. 139, is VACATED.  Magistrate Judge Delaney is DIRECTED to issue an Amended Order and Writ of Habeas Corpus Ad Testificandum ordering the Custodian to produce Plaintiff Michael Hunt at 9:00 a.m. on **January 5, 2015** in Courtroom 7.  The Clerk of the Court is DIRECTED to serve courtesy copies of this minute order on the: (1) Out-To-Court Desk, California State Prison - Sacramento, P.O. Box 290007, Represa, California 95671; (2) Warden at California State Prison, Solano, 2100 Peabody Road, P.O. Box 4000, Vacaville, California, 95696-4000; and (3) Litigation Coordinator at California State Prison, Solano via fax at 707-454-3429.

Due to the Court's high civil caseload, the parties are encouraged to consider consenting to a jury or nonjury trial before the assigned Magistrate Judge[1] as well as availing themselves of the Court's Alternative Dispute Resolution programs.[2]  See E.D. Cal. Local Rs. 171, 301.

IT IS SO ORDERED.

DATED: July 11, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eastern District of California has for years been one of the busiest District Courts in the nation. The parties are reminded that pursuant to Federal Rule of Civil Procedure 73 and Local Rule 301, the parties may consent to a jury or nonjury trial before the assigned Magistrate Judge.  As a result of the Court's high civil case load and the statutory right to a speedy trial in criminal cases, the parties are encouraged to consider the advantages of consenting to Magistrate Judge jurisdiction.  Magistrate Judges can assign civil litigants a trial date much sooner and with more certainty than District Court Judges.  In addition, since Magistrate Judges do not try felony cases, a trial date assigned by one can be considered a firm date which will not be preempted by a criminal case.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties file a voluntarily consent form.  Parties may, without adverse substantive consequences, withhold their consent, but this will prevent the Court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

[2] The Court may, at the election of all the parties, refer certain actions to the Voluntary Dispute Resolution Program ("VDRP").  If the parties believe that participation in a mediation and/or a settlement conference with a Magistrate Judge would be beneficial, they are encouraged to contact the Court's Alternative Dispute Resolution (ADR) Division, in writing, at the address or email address below: ADR Division, Attention: Sujean Park, U.S. District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814, email: spark@caed.uscourts.gov.  Alternatively, the parties may request referral to the VDRP by filing a Stipulation and Proposed Order reflecting the agreement of all parties to submit the action to the VDRP pursuant to Local Rule 271.  Should the parties reach a settlement or otherwise resolve their case by agreement of the parties, they are reminded that it is the duty of counsel to immediately file a notice of settlement or resolution as set forth in Local Rule 160.